# Charleston.

RICHARD BURKE *vs.* THOMAS F. PARKE *et al.*

January Term, 1872.

B. and P. dissolve partnership by mutual consent. Differences arising, arbitrators are selected to settle them. The award determines that P. shall take certain of the partnership effects and pay the liabilities of the firm, and the residue shall be divided between them. The award further provides that P. shall execute an obligation, with security, to B., for the payment of the liabilities and to save him harmless. B. subsequently files a bill, charging that P. had neglected and refused to execute the bond of indemnity, and had neglected to apply the assets to the liabilities, and had fraudulently applied a part of the assets to the payment of his individual debts. The bill asks that the matters be referred to a master to settle the partnership transactions, and also to enjoin certain parties from paying to P. certain sums due for a portion of the partnership effects disposed of by him. HELD:

     I. A court of equity will enforce specific performance of an award, when the thing ordered by the award to be done is such as a court of equity would specifically enforce if it had been agreed upon by the parties themselves.

     II. A court of equity will not entertain jurisdiction for specific performance of agreement respecting goods, chattels, stock, choses in action and other things of a merely personal nature, where compensation in damages furnishes a complete and satisfactory remedy.

     III. It does not appear in this case that B. cannot recover from P. any damages he may sustain by his failure to pay the firm debts, especially as there is no allegation in the bill that he is insolvent, or likely to become so.

     IV. No reason is shown for setting aside the award on the ground of fraud in its procurement, or otherwise.

     V. There is no jurisdiction in equity in this case, upon the grounds of the settlement of the partnership, as that has already been done according to the terms of the award.

     VI. Therefore there was no error in the court below in sustaining a demurrer to the bill.

Bill filed in the circuit court of Monroe county, in November, 1869. Dismissed and injunction dissolved at May term, 1870.

The points at issue are stated in the opinion of Maxwell, J.

*John W. Harris* for the appellant.

The bill in this case presents the following grounds of equity and justice :

1. Jurisdiction to enforce the award; or, if not this,

2. To set aside the award; and

3. Jurisdiction on the ground of fraud, and for the settlement of the partnership business of the late firm of Parke & Co.

*First.* Assuming that no valid ground exists for setting aside the award made by the arbitrators to whom were referred the differences between Burke and Parke, a court of equity has jurisdiction for its enforcement; and the arbitrators having awarded the doing of a specific act by Parke, (viz: teh giving of a bond of indemnity, &c.,) compliance with which was necessary to give effect to the purpose and meaning of the award, this specific act can be compelled, and, consequently, the award enforced, in this tribunal only. 2 Tuck. Com., 38; *Smith* vs. *Smith,* 4 Rand., 95; *Smallwood* vs. *Mercer,* 1 Wash., 295; 2 Story, § 1458. We have no need to trouble ourselves with the question upon which some of the cases of this kind have turned, viz: whether the award has been confirmed by the party against whom its enforcement is asked; for Parke has taken the benefit of, and acted upon it. The arbitrators recognized the necessity of requiring Parke to indemnify Burke before allowing the former the benefit of the award, and the wisdom of their determination is seen in the fact, that Parke has applied the firm assets to his private debts, instead of their legitimate and intended purpose. Relief in this form would have been entirely consistent with the allegations of the bill, and might have been properly granted by the court below. See Ad. Eq., 309, and notes; and *Smith* vs *Smith, Supra ;* see also, *Hall* vs. *Pierce,* 4 W. Va., 107.

*Second,* If, however, this position is untenable, then the court should have set aside the award and afforded the proper relief. The award was not within the submission, 1st. Because the arbitrators awarded that one partner should take possession of the entire assets, to the exclusion of the other; 2d. Because of the provision for indemnity by Parke, by an obligation, *with sufficient security. Oldfield* vs. *Wilmers,* 1 Leon., 140; *Coke* vs. *Whorwood,* 2 Lev., 6, (2 Pars. Cont. 689 n (h); or, if within the submission, the obligation was manifestly in-

tended as a condition precedent to the disposal by Parke of the firm assets, which, not having been complied with, the award was not intended to operate; and, if not a condition precedent, it must have been an act to be performed in the future, and the award was not final and conclusive. A condition which leads to a new controversy renders the award void. *Lincoln* vs. *Whittenton*, 12 Met., 31.

*Third*, The jurisdiction of courts of equity for setting aside awards is not limited to the cases mentioned in the statute. Its jurisdiction over awards existed independent of and before the statute. And if any good ground exists for equitable interference, relief will be granted. It will interfere in cases of miscarriage not apparent on the face of the award; Ad. Eq., 193; and wherever there has been such fraud as would make it inequitable to suffer the award to stand, a court of equity has control of the matter under its general jurisdiction. 2 Story, § 1451. The miscarriage of the purpose of the award is seen in the fact that Parke, professing to act under it, is wasting and misappropriating the assets, while Burke stands off remediless, unless this bill is sustained. That he is acting fraudulently, is alleged by the bill, and in what his fraud consists is distinctly pointed out. Indeed, it is shown that it was by a direct breach of trust that he got these assets into his possession. The award, then, should not be suffered to stand in the way of that equitable relief to which Burke shows himself entitled, and the court, under its general jurisdiction over partnerships and for the settlement of partnership disputes, will wind up the business of the firm in the manner prayed. It will restrain the misappropriation of the partnership assets, even where there is no allegation of the insolvency of the party so misappropriating them. *Ballard* vs. *Callison*, 4 W. Va., 326.

But it is said that we have an adequate remedy at law! Let us see. Parke has appropriated to his own use a portion of the assets awarded Burke by the arbitrators, consisting of bonds, notes, and accounts upon, as we may suppose, solvent, doubtful, and insolvent parties, making it very difficult for a court of law to ascertain the extent to which he has been damnified by their appropriation. But waiving this difficulty, here would be one action that Burke would have to

bring. But Parke has been applying the assets in discharge of his individual debts, and referring the creditors to Burke for payment. Burke would have to sue on the agreement to submit every time he wanted to recover the money paid by him to these creditors, and these suits might extend through years and their number be infinite. We have not then a full, adequate and complete remedy at law, and equity will interfere. One of its recognized grounds of relief is the prevention of a multiplicity of suits. In cases of fraud its jurisdiction is not only concurrent with courts of law, but altogether independent and beyond that of those courts. And even when a bill is filed for specific performance (if the bill in this case should be so regarded), and specific performance is refused, a court of equity will not remit the case to a court of law, unless the remedy there is as effectual as the chancellor can make it. *May* vs. *LeClaire*, 11 Wall., 217. It is therefore respectfully submitted that the demurrer should have been overruled.

MAXWELL, J. The appellant, Burke, and the appellee, Thomas F. Parke, were merchants and partners doing business under the firm name of Parke & Co., and on the 12th day of January, 1869, dissolved their partnership by mutual consent. After dissolution, a difference arose between them as to the payment of the partnership liabilities, and division of the partnership effects remaining after the payment of debts, to adjust and settle which, they submitted all matters of difference between them, in respect to their said partnership, to the arbitrament and award of certain arbitrators, by agreement under seal bearing date on the 11th day of June, 1869. The arbitrators made their award on the 19th day of the same month, awarding that Parke should take certain of the partnership effects and pay the partnership liabilities, and that the residue of the effects should be divided between the parties, as specified in the award. The award further provided that the said Parke should execute an obligation with sufficient security, to the said Burke, for the payment of the balance of said Parke & Co.'s liabilities, conditioned that Parke would save harmless the said Burke from the said unpaid liabilities, amounting to one thousand eight hundred and thirty-nine dollars and ninety-three cents.

On the 17th day, of November, 1869, Burke filed this bill in the circuit court, stating the facts substantially as here stated, and alleging that the partnership effects were divided according to the terms of the award. And further charging that the said Parke had wholly neglected and refused to execute the said bond of indemnity; that the said Parke had neglected to apply the assets received by him for that purpose, to the discharge of the unpaid liabilities of the said firm; that he had fraudulently disposed of a portion of the said assets to certain parties, and was attempting to dispose of certain other portions of them in payment of his own private debts.

The bill contains a prayer that the matter be referred to a commissioner of the court to make, state and report a settlement of the partnership transactions of the said firm of Parke & Co., stating specially the assets and liabilities of said firm, the assets obtained and collected by each of the partners thereof, and the assets undivided.

There is also a prayer for an injunction to enjoin Shanklin, Clark & Co. from the payment of a note executed to the said Parke, for a portion of the partnership effects placed in the hands of the said Parke for the payment of the firm debts, and a prayer for general relief.

The injunction was allowed as prayed for, and when the case came on to be heard there was a demurrer to the bill, which was sustained, and the injunction dissolved and the bill dismissed.

It is claimed here that the court erred in sustaining the demurrer to the bill, because a court of equity has jurisdiction, first, to enforce the award; second, to set aside the award, and third, for the settlement of the partnership business of the firm of Parke & Co. In respect to the first point, the bill shows that the award has been fully executed, except as to the execution of the bond provided for in the award. A court of equity will enforce specific performance of an award, when the thing ordered by the award to be done is such as a court of equity would specifically enforce, if it had been agreed upon by the parties themselves. Russell on Power and Duty of Arbitrator, p. 525. A court of equity will not entertain jurisdiction for specific performance of agree-

ments respecting goods, chattels, stock, choses in action, and other things of a merely personal nature, where compensation in damages furnishes a complete and satisfactory remedy. 2 Story's Eq. Jur., § 718. It does not appear in this case but that Burke can recover from Parke any damages he may sustain by the failure of Parke to pay the firm debts, especially as there is no allegation in the bill that he is insolvent or likely to become so. As to the second ground, there is no reason whatever shown for setting aside the award.

And as to jurisdiction on the ground of the settlement of the partnership business of the late firm of Parke & Co., the bill shows that it is already done according to the terms of the award.

There is no error, therefore, in sustaining the demurrer to the bill, and the decree complained of will have to be affirmed, with damages and costs to the appellees.

The other judges concurred.

DECREE AFFIRMED.