JOHN E. AND JAMES STEVENSON *vs.* JOHN S. WALKER,.

July Term, 1872.

1. The circuit court has no power over an award made in pursuance of a submission under chapter 108, Code 1868, except to enter it as the judgment or decree of the court, or to reject or to refuse to so enter it, or perhaps to recommit it.

2. It was error for the court below to order the sale of real estate in a decree entering up an award as the decree of the court, when the same was not provided for or directed by the award.

3. Judgment or decree in an award, entered up as the; judgment or decree of the court, may be enforced by an action at law or by bill in equity; or if the award be for the payment of money an execution might issue for the same.

4. The consent orders, &c., in this case entered after the agreement of submission had been filed, were held to have been intended by the parties to facil‿itate the proceedings before the arbitrators and the making up of the contemplated award.

The bill was filed in this cause at February rules, 1870, in the circuit court of Hancock county, by John E. Stevenson against John S. Walker. It is unnecessary to state the particular allegations of the bill, as the question determined by this court relates rather to the proceedings upon an award in the case, which purported to settle the matters in dispute. Generally, however, it may be said that it was to determine the character and provide for the settlement of a partnership,. and that an injunction was granted and receiver appointed on the filing of the bill.

Subsequently Walker filed a bill against John E. Stevenson and James Stevenson, his brother. Walker answered the former bill.

On the 8th of March, 1870, the parties entered into an agreement, submitting to the arbitrament of persons named,

"all controversies," &c., "provided, however, that the final award herein shall be made and filed in the circuit court of Hancock county, on or before 1st day of April, 1870." And further, that "the agreement and submission shall end all controversies between said parties, and to this end the same shall be entered of record in the circuit court of Hancock county, West Virginia."

On the 26th of March the time was extended until the 20th of May, 1870; and again until the 1st of July; at which last agreement it was provided that A. M. Flanegin be appointed a commissioner to state the partnership accounts, &c.

On the 27th of July, 1870, the award was made, and it was filed with the papers on the 30th following. Summons issued to the Stevensons on the 3d day of November, 1870, to show cause why the award should not be entered up as the judgment of the court, &c.

On the 12th of April, 1871, the following order was entered in court by consent :

"The parties to these causes, by their attorneys, hereby agree that they will, within ninety days from the 12th day of April, 1871, submit before the judge of this court arguments in these causes, and agree that any time after the expiration of said ninety days the judge of this court may have entered up upon the records of this court any decree that may to him seem proper; but this order shall not be considered a consent order, or one from which either party could not appeal."

On the 15th of July, 1871, the court pronounced a decree entering up the award, and providing that if James Stevenson did not pay a certain sum found due from him, by the award, to Walker, in consideration for a tract of land, in accordance with the terms of this submission, within thirty days, and also execute his certain negotiable note, in pursuance of said terms, for the residue of said sum not due, then the said land should be sold, &c., according to the usual course of judicial sales.

From this decree the Stevensons appealed.

*Peck & Cochran* for appellants.

*Wheat & Forbes* for appellee.

BERKSHIRE, P.  The objection urged against the decree in this case is, that the court transcended its powers and authority in proceeding to *enforce* the provisions of the award by decreeing a sale of the real estate mentioned in it, &c., after entering it up as the decree of the court, as provided for by our statute.  And it was maintained that the *jurisdiction* of the court over the cases embraced in the argument and submission, terminated upon the filing of the same in court on the 8th day of March, 1870.

The first section of chapter 108 of the Code, p. 569, provides for the submission to arbitration of matters of controversy between parties—whether a suit be pending therefor or not—and that the parties thereto may "agree that such submission may be entered of record in any court;" and that "upon proof of such agreement out of court, or by consent of the parties given in court, in person or by counsel, it shall be entered in the proceedings of such court, and thereupon a rule shall be made, that the parties shall submit to the award which shall be made in pursuance of such agreement."

The second provides that such submission shall not be revocable by any party thereto, without leave of such court; and that "such court may, from time to time, enlarge the term in which an award is required to be made."

The third section provides that, upon the return of the award made in pursuance of such an agreement, (whether any previous record of the submission, or a rule thereupon, has been made or not,) "it shall be entered up as the judgment or decree of the court, unless good cause be shown against it, at the first term after the parties have been summoned to show cause against it."  In this case the controversy for which suits were then pending in the circuit court of Brooke county, as well as other matters not embraced in the suits, were included in the agreement of submission, which submission, it was agreed by the parties, should be entered of record in said court.  So that, upon such submission being filed in court, the case was brought precisely within the provisions of the statute just cited.

The position, therefore, of the appellant's counsel, in reference to the power and jurisdiction of the court upon the filing of such submission, would, in the main, be correct, if nothing

more appeared on the record after the filing of the same, and before the return of the award made under it. But by reference to the record it appears that within the time named numerous orders were made in reference to the time at which the award might be made and returned, the mode of taking and settling the partnership accounts, the appointment of a receiver, the possession of the partnership property, &c. Some of these orders were made by *consent*, and some at the instance of *each* of the parties.

From this it would seem that the parties contemplated that the cases should remain in court at least until the award should be filed and be acted on by the court, in pursuance of the provisions of the statute heretofore cited. And it further appears that, sometime after the award made in pursuance of such agreement and submission had been made up and filed in the court, an agreement of counsel was entered on the record whereby they agreed that they would furnish their arguments on the award within ninety days from that date, and that the judge of the court might at any time after the expiration of the ninety days have entered on the records of the court, such decree as to him might seem proper. But it was further provided that this order or decree should not be considered a *consent* order or decree, or one from which either party could not appeal.

It is obvious that the orders and proceedings, between the filing of the submission and the award, were had and made only for the purpose of facilitating the proceedings before the arbitrators and the making up of the contemplated award, and were not intended by the parties to confer any additional jurisdiction or authority on the court with reference to its action on the award when it should be made. And it is equally clear, I think, that the effect of the *later* order or agreement, made after the filing of the award was *not* to enlarge the powers of the court in this respect; but the sole object seems to have been to allow to the counsel of the parties further time, or rather to *limit* the time within which they might submit their arguments, and also to authorize the *judge* of the court to act upon the award in *vacation* the same as the court might otherwise have done at its regular sessions.

The question immediately before us therefore is this: What

are the powers and jurisdiction of the circuit courts in cases of submission to arbitration, under the provisions of the statute, with reference to the award made in pursuance of such submission?

It would seem to be well settled that the only power which the courts can legally exercise in such cases is, either to enter the award as the judgment or decree of the court, or to reject or to refuse to enter such judgment or decree; or perhaps to recommit. *Post* vs. *Sweet,* 8 Serg. & Rawle, 391; *Commonwealth* vs. *The Perjeps Cut Proprietors,* 7 Mass. 414. And this indeed, in legal contemplation, is the extent of the agreement of submission of the parties in this instance, and all that was within their contemplation when it was entered into.

The award and judgment thereon may be enforced, by the party agrieved, by an action at law, on the same, or in some cases, by bill in equity, and perhaps when the award is for the payment of money, an execution might issue for the same.

From the foregoing view it follows that the decree complained of, in so far as it goes beyond entering the award as the decree of the court and provides for the entering or carrying the award and decree upon it into effect, is erroneous, and for this reason it must be reversed with costs here, and a decree rendered making the award the decree of the circuit court only.

The other judges concurred.

DECREE REVERSED.