COLUMBIAN FUEL CORPORATION v.
WARFIELD NATURAL GAS CO.
UNITED CARBON CO. v. SAME.
Civil Actions Nos. 694 and 695.

District Court, D. West Virginia.
March 1, 1947.

Hodges & Revercomb, of Charleston, W. Va. (Arthur B. Hodges, of Charleston, W. Va., of counsel), for plaintiff Columbian Fuel Corporation.

Osman E. Swartz, of Charleston, W. Va., for plaintiff United Carbon Co.

B. J. Pettigrew and Campbell, McClintic & James, all of Charleston, W. Va. (Charles C. Wise, and Stanley E. Dadisman, both of Charleston, W. Va., of counsel), for defendant.

MOORE, District Judge.

The complaints in these actions were filed on the same day by different plaintiffs against the same defendant. Both actions involve identical issues which may conveniently be disposed of together. Plaintiffs in both instances contracted to sell natural gas to defendants and the parties were unable to agree upon the price to be paid for gas delivered during the five year period beginning November 1, 1945. Pursuant to the terms of the gas sales contracts, on April 4, 1946, the parties executed submission agreements to resolve the dispute by arbitration. The same arbitrators were named in both agreements and it was agreed that the hearings would be held together. The pertinent parts of these agreements with respect to the issues presented here are as follows:

"5. * * * The decision of said arbitrators, or a majority thereof, when reduced to writing in the form of an award and communicated to the parties, shall be final and binding and may, on motion of either party hereto, be entered as the judgment or decree of the Circuit Court of Kanawha County, West Virginia, and shall be enforceable as such in accordance with the provisions of Chapter 55, Article 10, of the Code of West Virginia. * * *

"11. The compensation for the services of the arbitrators shall be fixed by them and such compensation, their expenses in connection with the performance of their duties and the taxable costs of the Circuit Court of Kanawha County, West Virginia, shall be paid one-half by the party of the first part and one-half by the party of the second part. Each party hereto shall bear its own costs in connection with the hearings before the arbitrators."

The hearings took place in accordance with the submission agreements, and awards were rendered fixing the price of the gas at twenty cents per thousand cubic feet.

Both plaintiffs demand judgments for sums certain asserted to be due for gas sold from November 1, 1945, to December 1, 1946, and pray for decrees requiring further specific performance of the awards.

Defendant has filed motions to dismiss for lack of jurisdiction, and for failure of plaintiffs to state a cause of action in their respective complaints.

■ Briefly, defendant contends that the arbitration was statutory, pursuant to Chapter 55, Article 10, of the West Virginia Code; that the plaintiffs have, by the terms of the submission agreement, elected to pursue exclusively their statutory remedy in the Circuit Court of Kanawha County; and that no grounds exist as the basis for equitable remedies in enforcing the award.

Plaintiffs take the position that the proceedings were common law arbitrations; but that, even if they were statutory, this Court has general equitable jurisdiction to decree specific performance of the awards.

The question of whether the proceedings were common law or statutory has been the subject of extensive argument by counsel, both orally and in their briefs. Although I do not consider the answer to this question as determinative of the Court's right to afford equitable relief, I conclude that the arbitration was a common law arbitration, though the submission agreement provided for optional enforcement of the award by the statutory method.

Chapter 55, Article 10, Section 1 of the West Virginia Code provides as follows:

"Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court. Upon proof of such agreement out of court, or by consent of the parties given in court, in person or by counsel, it shall be entered in the proceedings of such court; and thereupon a rule shall be made that the parties shall submit to the award which shall be made in pursuance of such agreement. * * *."

The above section relates solely to the submission of controversies to arbitration. In the cases under consideration, there was no provision in the submission agreements requiring or authorizing entry of record in the Circuit Court of Kanawha County, nor were they in fact ever entered there or elsewhere.

■ The cases in West Virginia do not distinguish clearly between statutory and common law arbitrations, nor do they indicate in what circumstances such a distinction would affect the remedies which a party may invoke, if at all. Arbitration statutes are generally considered supplementary to but not exclusive of the common law procedure, and parties are at liberty to enter into submissions as at common law. Hughes v. National Fuel Company, 121 W.Va. 392, 3 S.E.2d 621; 6 C.J.S., Arbitration and Award, § 2, page 154 et seq.; 3 Am.Jur. 838, Arbitration and Award, Section 8. The fact that the statute may give a remedy for enforcing the award which is the result of a common law arbitration does not prevent any party from resorting to an independent suit, either to enforce or to set aside the award. In the case of Hughes v. National Fuel Company, supra [121 W. Va. 392, 3 S.E.2d 624], there was no provision in the agreement to arbitrate relative to the entering of the submission as a rule of court, nor was there any provision, as in the instant cases, permitting or requiring enforcement of the award as a judgment. The Court held that the contract was for a common law arbitration. It said in the opinion: "At bar there is presented an executory contractual provision for common law arbitration. The arbitration paragraph of the contract could have been repudiated by either of the parties prior to the award of the arbitrators." And so could it have been in these cases, at any time prior to the awards.

■ There have been no proceedings of any kind conducted in the Circuit Court of Kanawha County relating to the submission agreement, the arbitration proceedings, or the award. Therefore, the Court has never had control of the arbitration. It is control by the Court, and consequent relinquishment by the parties of the right to revoke the submission agreement, or modify it, which principally distinquish a statutory arbitration from one at common law. If such control is agreed to and the agreement entered of record according to the statute, perhaps it might then be said that the parties had elected to follow the statute to the exclusion of other remedies. But not so in the absence of such control.

■ Although the arbitration was one at common law, the award could have been

made a judgment or decree of the Circuit Court of Kanawha County. Chapter 55, Article 10, Section 3, of the West Virginia Code provides:

"Upon the return of any such award, made under such an agreement. (whether any previous record of the submission or rule thereupon has been made or not), it shall be entered up as the judgment or decree of the court, unless good cause be shown against it at the first term after the parties have been summoned to show cause against it. * * *"

The parenthetical words of the statute expressly provide that a previous record of the submission is not an essential prerequisite and that an award, "made under such an agreement" as is referred to in W. Va. Code, 55-10-1, may be made a judgment despite the lack of any such record or rule of court. See Tennant v. Divine, 24 W. Va. 387, which is authority for the proposition that an award made pursuant to an agreement which does not provide for making the submission a record of Court may nevertheless be enforced as a judgment or decree under W.Va.Code, 55-10-3. That case, however, does not hold that the arbitration resulting in the award is to be deemed a statutory, and not a common law arbitration; nor that the parties may not elect to pursue remedies other than that given by the statute. Whether the arbitration be considered as a statutory or as a common law proceeding, plaintiffs in the instant cases have the right to apply to this Court for enforcement of the awards, particularly if it is shown that the statutory method of enforcement may not afford them a complete and adequate remedy.

■ Chapter 55, Article 10, Section 4, of the West Virginia Code provides:

"No such award shall be set aside, except for errors apparent on its face, unless it appears to have been procured by corruption or other undue means, or by mistake, or that there was partiality or misbehavior in the arbitrators, or any of them, or that the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made. But this section shall

not be construed to take away the power of courts of equity over awards."

The foregoing statute recognizes the general power of courts of equity over awards independent of statutes, and expressly provides that it shall not be disturbed. It has long been the rule in West Virginia that a court of equity may decree specific performance of an award if the facts and circumstances justify equitable relief, Wheeling Gas Co. v. Wheeling, 8 W.Va. 320; Burke v. Parke, 5 W.Va. 122; although equity will not grant relief where there is a plain and adequate remedy at law, as where compensation in damages furnishes a satisfactory remedy. Burke v. Parke, supra. But here the statutory remedy is by no means adequate.

■ Under the West Virginia statute, the discretionary power of the Court in entering an award as a judgment or decree is limited. The Court under the statute has no power over an award except to enter it as the judgment or decree of the Court, or to reject it or refuse so to enter it, or perhaps to recommit it. Stevenson v. Walker, 5 W.Va. 427. It can give no further or general relief in such a proceeding.

■ The extent of equitable jurisdiction regarding enforcement of awards is substantially coterminous with equitable jurisdiction respecting any contracts or agreements of the parties. McNeil v. Magee, Fed.Cas.No.8,915; Burke v. Parke, supra; 3 Am.Jur. 981, Arbitration and Award, Section 167. Where the remedy at law is doubtful or affords only partial relief, a court of equity will take jurisdiction. Nease v. Ætna Ins. Co., 32 W.Va. 283, 9 S.E. 233.

■ Although, as I have indicated, it is my opinion that plaintiffs are not necessarily confined to equitable remedies for the enforcement of the awards, yet in these actions their prayer is for specific performance, which, of course, is a form of equitable relief. It is therefore proper to say that it is my opinion that plaintiffs have not an adequate and complete remedy at law and that grounds exist for invoking the jurisdiction of a court of equity.

The motions to dismiss the complaints will be denied.