Harsh *v.* Morgan and others.

SAMUEL HARSH *vs.* THOMAS MORGAN, PATRICK GELSTIN and NICHOLS & MORTON.

Morgan, Gelston and Nichols & Morton, plaintiffs below, each filed a separate mechanic's lien on the premises of Connell, defendant below, for work and material used, under contract with Connell, in building a house thereon. Connell held the lot under an agreement in writing from Harsh—made a defendant below on his own motion—to the effect that Harsh was to convey by warrantee deed, in fee simple, on the receipt of one thousand dollars, which contract was unrecorded.

*Held,* that these several plaintiffs below were not interested in the subject of action, nor jointly interested in obtaining the relief demanded so as to be joined as plaintiffs, under section forty-one of the civil code, nor were they " united in interest," so as to be joined, under section forty-three.

*Held,* that these several causes of action do not " affect all the parties to the action," so as to be united in an action, under sections eighty-nine and ninety of the code ; and

*Held,* therefore, that a motion to consolidate the separate actions brought by the different plaintiffs below, to foreclose the respective liens, even if made by defendant, should be denied.

*Held,* that the several plaintiffs below, under sections sixteen, seventeen and eighteen of " an act for securing liens to mechanics and others," approved February 3d, 1859, could claim no greater or higher interest in the lot than Connell had.

*Held,* that a judgment in a consolidated suit of these several plaintiffs below against Connell, foreclosing the several liens, which directs the sale of the lot, without the consent of Harsh, is unwarranted, and contrary to law, and should be reversed.

*Robert Crozier,* for plaintiff in error.

*Thomas P. Fenlon,* for defendants in error.

By the Court, BAILEY, J. This case comes before the court on a petition in error from a judgment rendered by the first district court for Kansas territory, Pettit, C. J., presiding, sitting in the county of Leavenworth, December term, 1860.

The action was a consolidation of *three* separate actions previously commenced by the defendants in error against one

Patrick Connell. The plaintiff in error, Harsh, had, pending these actions, been made a party defendant, upon his own motion. The three separate and distinct actions were subsequently consolidated by order of the court, and judgment rendered therein in favor of each of the original plaintiffs separately.

The case was tried by the court below without the intervention of a jury, upon the following agreed statement of facts:

"Statement of facts. We agree that the following may be read to the court as the testimony in the cases consolidated under the above title: Connell, on the 29th of April, 1859, bought, by agreement in writing, of Harsh, the south half of lot four, and north half of lot three, in block thirteen, Leavenworth City, agreeing to pay on demand therefor *one thousand dollars*, and on payment to have warrantee deed in fee simple for same. Connell immediately took possession, with Harsh's consent, and proceeded to build the house thereon, and did build it—Morgan's account for work and materials amounting to one hundred and fifty-seven dollars and thirty-four cents, and were furnished under contract with Connell for and upon the said house on said lots. His lien was filed in the office of the clerk of the district court on the 7th day of January, A. D. 1860.

"Gelstin's account for materials, amounting to two hundred and twenty-six dollars and eighty-seven cents, and interest, as stated in Gelstin's petition, is correct, and (the materials) were furnished on the 4th day of October, A. D. 1859, under contract with Connell, for the house on said lots. His lien was filed in the office of the district clerk of Leavenworth county on the 5th day of May, 1860.

"Nichols & Morton's account, amounting to one hundred and forty-seven dollars and eighty cents, for materials furnished on the 28th day of October, A. D. 1859, to be used in constructing said house, is correct, and said materials were

furnished under contract with Connell, and were used in the house aforesaid. Their lien was filed on the 30th day of May, 1860, in the office of the clerk of the district court of this county, and at the same time in the office of the register of deeds.

"About the 1st of October, 1859, Connell paid Harsh on said lot two hundred and sixty-six dollars and forty cents, and never paid any more.

"On the first of March, 1860, the agreement for Harsh to convey to Connell was cancelled by the consent of both parties, and Connell transferred his interest in the premises to Harsh, and gave Harsh the possession of the house and lot, which he still retains.

"The house is a frame dwelling house, and a permanent fixture. Harsh's title to the lots, before he sold them to Connell, was a perfect fee simple title. The two half lots were, on the first of March, 1860, worth about —— dollars. On the first of January, 1860, the building aforesaid was completed, being constructed partially of the materials furnished by Gelstin, Morgan and Nichols & Morton. The agreement between Harsh and Connell for the sale and purchase of the lot was never recorded.

"(Signed,)    R. CROZIER, Attorney for Connell and Harsh; EWING & McCOOK, Attorneys for Thomas Morgan; HALDERMAN, STANLEY & FENLON, Attorneys for P. Gelstin; HEMINGRAY & TARR, Attorneys for Nichols & Morton."

The finding and judgment of the court are as follows:

"And now at this day this cause came on to be heard, upon the pleadings and agreed statement of facts herein filed, and by consent of parties was submitted to the court for trial. Whereupon, after argument of counsel, the court finds:

"First. That there is due from defendant, Patrick Connell, to the plaintiff, Thomas Morgan, the sum of one hundred and

fifty-seven dollars and thirty-four cents, being the said sum set forth in said agreement. That there is due from the said defendant, Patrick Connell, to the said plaintiffs, James L. Nichols and Nathaniel Morton, partners as Nichols & Morton, the sum of one hundred and forty-seven dollars and eighty-six cents, which said sum the plaintiffs respectively ought to have and recover from the said defendant, Patrick Connell.

"Second. That the defendant, Samuel Harsh, has a lien upon the lot of ground upon which the house mentioned in said agreement, is situated, to wit: A lot composed of the south half of lot four, and the north half of lot three, in block thirteen, in the city of Leavenworth, according to the original plat of said city, which said lien attaches to said lot alone, and is measured by the present value of said lot, to b ascertained by an appraisement had and made according to law, as if there were no house in existence upon said lot, and by deducting from said appraised value the sum of one hundred and sixty dollars and forty cents, the sum paid to said Harsh by said Connell, as a payment on said lot, on the 1st day of October, 1859, as per facts agreed. To which ruling of the court the said defendants, by R. Crozier, Esq., their attorney, excepts.

"Third. That each of said plaintiffs, to wit: Thomas Morgan, Patrick Gelstin, and Nichols & Morton, as partners, is entitled to, and has, a valid and subsisting lien upon the said lot, together with the house thereon, for the several sums so as aforesaid found due to each from the defendant, Patrick Connell, to which ruling of the court the said defendants, by R. Crozier, Esq., their attorney, excepts.

"It is therefore considered by the court, that the said plaintiffs have and recover from the said defendant, Patrick Connell, the said several sums so as aforesaid found due to each of them respectively; and it is further ordered, adjudged and decreed that the said house and lot be sold according to law, for cash in hand, to the highest bidder.

"That before such sale shall take place, the officer executing the decree shall cause said house and lot to be appaised, according to law, and shall cause said lot to be appraised separately, without reference to the house thereon, according to law. That out of the proceeds of such sale, the said officer, upon confirmation thereof, shall pay, *First*, The costs and expenses of all proceedings herein. *Second*. Shall pay to Samuel Harsh the value of said lot as found by the separate appraisement, so as aforesaid ordered, deducting from such value the sum of two hundred and sixty-six dollars and forty cents. *Third*. Shall pay the judgment of the several plaintiffs herein against defendant Connell, *pro rata*. *Fourth*. Shall pay over to defendant, Patrick Connell, or his representatives, such sum, if any, as may remain in his hands. And it is further ordered that an order issued to Alonzo F. Callahan, a master commissioner of this court, commanding him to execute this decree, and make due return to this court at the next term, of all he shall have done thereunder. To which ruling of the court the said defendants, by their attorney, R. Crozier, Esq., excepts."

The assignment of error is as follows:

First. That said actions were improperly consolidated.

Second. That the said district court erred in directing the manner in which the lien of the said Harsh upon the lot in controversy should be measured.

Third. The court erred in finding that the defendants herein had a valid lien upon the lot in the petition described.

Fourth. The court erred in finding that the defendants herein had a valid lien upon the house in the petition mentioned.

Fifth. The court erred in directing that the whole of said lot should be sold to satisfy the judgment in said consolidated action rendered.

Sixth. The court erred in directing that out of the proceeds of the said sale of the premices in controversy, the said Sam-

uel Harsh should be paid only an amount equal to the then present value of the lot aforesaid, les; two hundred and sixty-six dollars and forty cents ; said value to be determined by an appraisement.

Seventh. The judgment of the said court, so far as it affects the interests or rights of the said Harsh, is against the law.

Eighth. The judgment of the said court, so far as it affects the interests or rights of the said Harsh, is against evidence.

The prayer for relief is that said judgment, so far as it affects said Samuel Harsh, be reversed and set aside.

First. As to the consolidation of actions, the code (§ 153,) provides that :

" Whenever two or more actions are pending in the same court, *which might have been joined, the defendant* may, on motion and notice to the adverse party, require him to *show cause* why the same shall not be consolidated, and if no cause be shown the said several actions shall be consolidated."

The first point to be determined, then, under this provision, is whether the three separate and distinct actions pending in the district court for Leavenworth county, in which Thomas Morgan, Patrick Gelstin and Nichols & Morton were plaintiffs respectively, *might have been joined.* The action of the plaintiff, Morgan, was for labor as a painter and glazier upon the house mentioned. The actions of Nichols & Morton and of Patrick Gelstin were each for lumber sold to defendant Connell to be used in the construction of said house.

There can be no pretence that at common law such separate but similar causes of action could have been joined. If a different rule, obtained at the time these actions were brought, it must have been by virtue of sections forty-one and forty-three, or sections eighty-nine and ninety of the code of civil procedure.

Section forty-one provides that " all persons having an interest in the subject of the action and in obtaining the relief

demanded, may be joined as plaintiffs, except as otherwise provided in this title."

In the case of Morgan, *the subject of the action* was *the contract* between himself and Connell, in respect to the labor mentioned, which Morgan had performed on his part, but which Connell refused to perform by making payment. In that contract, neither Gelstin nor Nichols & Morton had any interest whatever, nor had Morgan any interest in the causes of action set up by Gelstin, and Nichols & Morton respectively.

Neither can it be said that these several parties were jointly interested "*in obtaining the relief demanded.*" True, each party sought to subject the house, with the lot upon which it was erected, to a lien in his behalf. But to each party plaintiff it was matter of indifference whether the other parties succeeded or not, except in the contingency that the property should prove inadequate to the payment of all three of the claims, in which case the interest of each plaintiff would have been against the recovery of the others.

Section forty-three of the code, which provides that "of the parties to the action those who are *united in interrst* must be joined as plaintiffs," or defendants, is still stronger, and more conclusive to the same effect.

Section eighty-nine provides that, "the plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in either one of the seven classes therein enumerated, none of which classes includes the three causes of action of the several plaintiffs in the consolidated action at bar ; and section ninety contains a general provision which alone would seem to be conclusive on the point now under discussion, viz.:

"SEC. 90. *The causes of action so united must affect all the parties to the action,* and not require different places of trial."

It has already been shown that the several causes of action in the case at bar *do not affect* all the parties to the action, and if we are correct in that conclusion, the power of the court below to order a consolidation of the three actions there pending, even upon motion of the defendant, must be denied.

But even admitting that three actions were such as might have been joined, the code (§ 153) makes no provision for their consolidation, except *on motion of the defendant*, and notice to the adverse party to show cause; while the record in this case shows clearly that the consolidation was ordered by the court, upon the motion of *plaintiff's counsel*, and *without* notice to the adverse party to show cause.

But it may, perhaps, be urged that if the consolidation of the three actions was erroneous, it was an error of form only, and not such an error as affects the substantial rights of the adverse party, inasmuch as each of the three causes of action was examined separately, and sustained upon its own individual merits; and that no other or greater effect can be given to the judgment rendered in said consolidated action, as against the plaintiff in error, than the three several judgments would have had in case no consolidation had taken place, and consequently that under the provisions of the code, (§ 148,) the judgment cannot be reversed or affected by reason of the alleged error. We, therefore, proceed to consider the second alleged error, as set forth in the petition in error.

Second. Did the court err "in directing the manner in which the lien of said plaintiff in error, Harsh, upon the lot in controversy, should be measured?"

We use the language in which the alleged error is assigned, though we apprehend that the claim of Harsh upon the land would hardly be called a lien, in strict legal parlance, inasmuch as he appears to have been the owner of the land in *fee simple*, as appears from the statement of *facts*, and that fee simple title has never been divested. The language used by

the counsel in assigning the error, has reference to that used in the judgment, in which the court finds that "Harsh has a lien upon the lot, describing it, and that said lien attaches to said lot alone and is measured by the present value of said lot to be ascertained by an appraisement had and made according to law, as if there was no house in existence upon said lot, and by deducting from such appraised value the sum of two hundred and sixty-six dollars and forty cents, the sum paid to Harsh by said Connell as a payment on said lot on the the 1st day of October, 1859."

From an examination of the statute under which these proceedings were had, it is obvious that this part of the judgment cannot be sanctioned.

At the time the labor was performed, and the materials furnished, for which payment is sought to be recovered in this action, the lien law in force was the statute of 1859, entitled "an act for securing liens to mechanics and others," approved February 3d, 1859, among the provisions of which are the following, viz.:

SEC. 16. The land upon which any building shall be erected, together with a convenient space around the same, not exceeding five hundred square feet clear of the building, shall also be subject to the liens created by virtue of this act, *if the said land shall have been, at the time of erecting the said building, the property of the person who shall have caused the same to be erected.*

SEC. 17. If the person who shall have caused the building to be erected has an estate in fee for life, or any less estate, either in law or in equity, or if the land on which the building is erected at the time of the contract for building or for furnishing materials therefor is mortgaged or under any other lien or incumbrance by contract or statute, *the person who procures the work to be done shall, nevertheless, be considered the owner to the extent of his right and interest in the land,* and the lien before provided for by this act *shall bind his*

*whole estate and interest therein,* and the creditor may cause the right of redemption, or whatever other right or estate the *owner* had in the land to be sold and applied to the discharge of his debt, according to the provisions of this act.

SEC. 18. The word, " owner," in this chapter, includes any person who has any estate or interest in the land, and the lien hereby given extends to the whole of his interest and estate in the land, *and no further.*

The statement of facts shows that the defendant, Connell, had no title to the lot in question, except what he might derive from an agreement, in writing, between himself and said Harsh, never recorded, by which it was stipulated that said Harsh sould convey the premises to said Connell on payment of one thousand dollars. This was the extent of Connell's interest in the land the house was erected upon. The plaintiffs who furnished labor or materials for said house, in pursuance of contracts made with Connell, can claim no greater or higher interest in the land than Connell had. The stream cannot rise higher than its fountain, nor could Connell, by his contract with the plaintiffs, convey to them a higher title to the land than he possessed.

The first twenty-three sections of the act of February 3d, 1859, were repealed by act of February 27th, 1860 ; but even if such proceeding could affect the proceedings in this case, sections one and ten of the last named act contain in effect the same provisions as to the point under consideration, as the act which it supercedes.

It is plain, therefore, that in so far as the judgment in the court below directed the sale of the lot in question without the consent of Harsh, it is unwarranted and contrary to law.

It is unnecessary to discess further the alleged errors upon the record, the greater part of them having been discussed incidentally under the second assignment, and the remaining

points being immaterial in the disposition of the case pending before the court.

It is therefore ordered by the court, that the judgment rendered in this action in the court below be reversed and set aside, and a new trial granted in the several actions improperly consolidated. Judgment in this court for costs.

KINGMAN, J., concurring.

The chief justice took no part in the decision, the cause having been argued at a previous term and before he went upon the bench.