THE STATE INSURANCE COMPANY OF DES MOINES, IOWA, v. MARTHA S. BELFORD et al.

No. 21.

1. PARTIES TO ACTION — *Misjoinder of Plaintiffs.* Two or more persons having separate and distinct causes of action against the same defendant, though arising out of the same transaction, cannot unite; nor can several plaintiffs in one complaint demand several distinct matters of relief; nor can they enforce joint and separate demands against the same defendants, and these all in one and the same action.

2. INSURANCE — *Proofs of Loss—Averments and Proof.* In an action on an insurance policy to recover a loss by fire, the plaintiff

must aver and prove that the proofs of loss were furnished within the time required, and in substantial compliance with the terms of the policy, or that such conditions have been waived by the company, and if at the trial there is a total failure to prove either that such proofs were duly made, or that they were waived, it is the duty of the trial court to sustain a demurrer to the evidence and dismiss the action.

MEMORANDUM.—Error from Phillips district court; G. WEBB BERTRAM, judge. Action on an insurance policy brought by Martha S. Belford and William T. Belford against The State Insurance Company of Des Moines, Iowa. Judgment for plaintiffs. The defendant brings the case to this court. Reversed. The material facts are stated in the opinion herein, filed November 19, 1895:

*Bond & Osborn,* for plaintiff in error.

*Webb McNall,* for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: This action was brought by Martha S. Belford and William T. Belford against the insurance company to recover for a loss occasioned by a fire. The petition alleges the insurance of a frame building used as a private dwelling in the sum of $500, household goods contained and used in said dwelling in the sum of $100, and a frame stable in the sum of $100; that the private dwelling was located upon lot 47, block C, range 6; that the stable was located on lots 7 and 8, block C, range 6; that Martha S. Belford was the owner in her own right of said lots 7, 8, and 47, block C, range 6, and the residence and stable were the property of William T. Belford; that the household goods insured and that portion of them burned and destroyed were owned by Martha S. and William T. Belford jointly; that the fire

occurred on the 2d day of May, 1890, and that within the time prescribed by the terms of said policy, a copy of which is attached to the petition, to wit, on the 19th day of May, 1890, they made and submitted the proofs required by that part of the policy of insurance included in lines 40 to 60 inclusive. This portion of the policy required, among other things:

"And shall give immediate notice and render a particular account thereof, with an affidavit stating the time, origin and circumstances of the fire, the occupancy of the building insured, or containing the property insured, the whole value and ownership of the property insured, the amount of loss or damage upon each article, . . . and shall also produce a certificate, under the hand and seal of a magistrate or notary public nearest to the place of the fire — not concerned in the loss as a creditor, or otherwise, nor related to the assured — stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount to which the magistrate or notary public shall certify; and until such proofs are rendered the loss shall not become payable. . . ."

The defendant company filed a demurrer to the petition upon the following grounds: (1) Misjoinder of the parties plaintiff and of causes of action; (2) petition does not state facts sufficient to constitute a cause of action, which was by the court overruled; and whereupon defendant filed an answer, containing: (1) A general denial; (2) an allegation that the plaintiffs were not jointly interested in the claim sued upon; (3) an allegation setting up the condition of the policy as to proof of loss, that the plaintiffs did not comply therewith by furnishing the company with the same, before the commencement of this ac-

tion, and that the claim for loss was not payable by reason of said failure.

The plaintiffs filed a reply of general denial.  Trial was had before the court and jury, and, after plaintiffs had rested, defendant filed a demurrer to the testimony, which was by the court overruled.  No testimony being offered by defendant, a general verdict and special findings were rendered by the jury.  A motion for judgment upon the special findings was filed by defendant, and overruled.  Judgment was rendered for the plaintiffs by the court upon the general and special verdict.  The defendant brings the case here for review.

The first error assigned is in overruling the defendant's demurrer to the petition.  An examination of the petition satisfies us that the demurrer should have been sustained.  It is conceded by the defendant in error that the policy sued upon in this action was issued upon the joint property and was intended to protect the joint property only.  Yet the cause of action set forth in the petition is for the recovery of damages for loss occurring to the individual property of W. T. Belford and to the joint property of W. T. and Martha S. Belford, and the testimony discloses that some of the household property destroyed was the individual property of W. T. Belford, some of Martha S. Belford, and some the joint property of both.  If a recovery could be had under this policy for the loss of individual property of the parties insured, which we do not feel called upon to decide, we cannot see how the defendants in error could maintain a joint action therefor, as is attempted in this action.

It is one of the prerequisites to the uniting of different causes of action that all the causes of action must affect all the parties to the action, plaintiffs as well

as defendants, the provisions of the code applying equally to both parties. (*Harsh v. Morgan*, 1 Kan. 293 ; *Swenson v. Plow Co.*, 14 id. 387 ; *Palmer v. Waddell*, 22 id. 352 ; *Jeffers v. Forbes*, 28 id. 174 ; Pomeroy's Rem. § 483.)

In this case, where is the community of interest between the plaintiffs, except as to the few articles of household goods they owned jointly? Mrs. Belford wants damages for her goods destroyed, Mr. Belford for his, and they both want damages for their joint property destroyed by fire. True, it is by the same fire, but what interest has Mrs. Belford in the recovery of Mr. Belford, or *e converso?* If the company were liable for the individual and joint property destroyed, under the terms of the policy, they could bring separate actions, and the judgment in one case would not affect the other, as they are all valued separately. There is no community of interest in all the matters involved in the suit. No right common to all is claimed and certainly none proven. Everything is separate, save only that the right to sue is founded upon a contract which happens to be on one and the same sheet of paper. Two or more persons having separate causes of action against the same defendant, though arising out of the same transaction, cannot unite. Nor can several plaintiffs in one complaint demand several distinct matters of relief, nor can they enforce joint and separate demands against the same defendant. (*Tate v. Railroad Co.*, 10 Ind. 174 ; *Durein v. Pontious*, 34 Kan. 353.) We have failed to find any warrant in the adjudged cases for a joinder of plaintiffs under such circumstances. We therefore think the demurrer should have been sustained.

The next objection urged is, that at the trial of this cause there was no legal evidence adduced showing that

the proof of loss in substantial compliance with the terms of the policy had been submitted to the company prior to the commencement of this action. In order to recover in this action it was necessary for the plaintiff to show two things : (1) That the proofs of loss were made in substantial compliance with the terms of the policy ; (2) or a waiver of these conditions. In this action there was no waiver pleaded, nor in any manner claimed. The allegation as to proofs of loss having been made is equivalent to an allegation that they were made in compliance with the terms of the policy. But this is not sufficient. It must be averred and proven that the proofs of loss were furnished within the time required by the terms of the policy, or that the conditions requiring said proofs had been waived by the company ; and if at the trial there is a total failure to prove either, it is the duty of the trial court to sustain a demurrer to the evidence and dismiss the case. (*Insurance Co. v. Ross*, 48 Kan. 228.) As was said by the court in that case, "it seems idle to cite authorities upon this proposition." We think the point well taken. It is true some evidence was offered, and admitted over the objection of the defendant, as to a paper being made out and mailed to the company. They did not offer any copy, nor attempt to show that they had the original or a certified copy, and that it had been lost or destroyed, and that they had made any search for it. There was some testimony as to a search being made, but that was in reference to a "return registry card." In fact, there was no excuse offered for the non-production of the original ; but it was clearly shown that whatever the paper was that was made out and sent to the company it was in the company's possession.

Before secondary evidence of a writing can be re-

ceived, a party must in general show the loss or destruction of the original, or that he has used reasonable efforts and the means which were accessible to him to find the writing, or to procure its production ; and if it appears to be in the hands of the adverse party, notice to produce the original was necessary in order to lay a foundation for the introduction of secondary evidence. (1 Greenl. Ev., §§ 558–560 ; *Roberts v. Dixon*, 50 Kan. 436.)    Section 368 of the code provides for such notice, but no such steps were taken, nor was there any such preliminary proof as warranted the introduction of oral evidence as to the proofs of loss.

But aside from this, admitting that all the testimony introduced upon the point was legal, it did not prove that the terms of the policy had been complied with.    What was this paper claimed to have been made out and forwarded?    The testimony of W. T. and Martha S. Belford is that it was a copy of the book in which had been entered a list of the household goods destroyed and damaged, and that they swore to it, and sent it to the company by registered mail.    This is all the testimony offered as to the proofs of loss.    The requirements of the policy as to certificate of magistrate were never complied with. If any such was made, the record is silent as to who made it, or when it was made, and we are compelled to hold that there was not only no legal evidence of any proofs of loss in substantial compliance with the terms of the policy made and submitted to the company before commencement of the action, but that there is a total failure of proof upon this point, and that the court should have sustained the demurrer to the evidence.    The plaintiffs' case depended upon this proof of loss being made, and unless it was made no right of action accrued to them.

S. L. & W. Rly. Co. v. Conger.

The judgment in this case will therefore be reversed, and the cause remanded for further proceedings.

CLARK, J., concurring.

GARVER, J., not sitting, having been of counsel in the case.