# CHARLESTON.

## FLANAGHAN *v.* PHENIX INS. CO.

Submitted June 15, 1896—Decided Nov. 25, 1896.

INSURANCE POLICIES—PROOFS OF LOSS—BURDEN OF PROOF.
    The burden of proving compliance with the necessary requirements of an insurance policy as to proofs of loss, or the waiver of such compliance on the part of the company, is on the insured; and, if he fails to establish the same by a preponderance of evidence, his action must fail.

P. W. MORRIS for plaintiff in error, cited 35 W. Va. 667.

FREER & ROBINSON for defendant in error, cited 35 W. Va. 667; 39 W. Va. 658; 6 W. Va. 438, 508; 41 W. Va. 229.

DENT, JUDGE:

Zimri Flanaghan instituted suit in the Circuit Court of Ritchie county on a fire insurance policy against the Phenix Insurance Company.

The company filed its plea in bar, claiming that plaintiff had not complied with the conditions of the policy, especially clause 9 thereof, which is in the following words, to wit (in so far as involved in this suit): "(9) Persons sustaining loss or damage by fire shall forthwith give notice of said loss in writing to the company, and, within thirty days of the occurrence of said loss, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property, and their interest therein, for what purpose, and by whom the building herein described, or containing the property herein specified, and the several parts thereof, were used at the time of the loss, when and how the fire originated; and shall also produce a certificate under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured) stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property herein specified, to the amount which such magistrate or notary public shall certify. * * * And until such notice is given, particular account and certificate produced, examinations and appraisals permitted by the assured, the loss shall not be payable. The company reserves the option to take the whole or any part of the personal property herein specified at its appraised value, or to repair, rebuild, or replace the property lost or damaged, with other of like kind and quality, within a reasonable time, giving notice of their intention so to do within sixty days after the receipt of the proof herein required."

The plaintiff replied: (1) That he had complied with the provisions of such clause; (2) that defendant had waived

compliance therewith. The issue having been made up, the case was submitted to a jury, which found for defendant.

After the evidence had been heard on both sides, the court, at the instance of the defendant, over the objection of the plaintiff, among others, gave the two following instructions, to wit: "No. 2. If the jury believe from the evidence that the plaintiff did not render to the defendant company a particular statement of the loss within 30 days thereafter, clearly showing, as required by clause 9 of the policy: (1) A particular account of said loss, signed and sworn to by the plaintiff, Zimri Flanaghan. (2) What other insurance had been made on said property, if any. (3) The actual cash value of the dwelling house insured in the policy, and the plaintiff's interest therein. (4) For what purpose the building described in the policy was used at the time of the loss. (5) When and how the fire originated— and also produce and deliver to the defendant company a certificate under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss, nor related to the plaintiff) stating that such magistrate or notary public had examined the circumstances attending the loss, the character and circumstances of the assured, and that said magistrate or notary public verily believed that the plaintiff had without fraud sustained loss on the dwelling house in the policy mentioned to an amount certified by said magistrate or notary public, then the plaintiff can not recover in this action, unless they further find that the defendant company waived these several requirements by such conduct of the defendant company as would reasonably cause the plaintiff to fairly conclude that such proofs, with the requirements above stated, had been dispensed with and excused." "No. 10. The jury are instructed that the requirement of the policy sued on, that the plaintiff should furnish, within 30 days, to the defendant company, a certificate of a disinterested magistrate or notary public living nearest the place of fire, stating that he has examined the circumstances, and believes the assured has sustained loss to the amount he shall certify, and that no action on the policy for the recovery of any claim should be sustained until after full compliance by the assured with

all the requirements of the policy, is a condition precedent to the right of the plaintiff to recover, and his failure so to do, unless such requirement is waived by the defendant company, will prevent his recovery in this action." The objection to these instructions appears to be wholly untenable, as they substantially propound the law governing the questions at issue. The evidence of numerous witnesses was submitted. The burden was on the plaintiff to show either a substantial compliance with the policy, or such conduct on the part of the agents of the defendant as would amount to a waiver.

The undisputed facts are that the plaintiff immediately notified defendant of his loss; that he had an estimate made by two carpenters, fixing the value of the buildings destroyed at about eight hundred and sixteen dollars, to which they made oath, which was forwarded to the company's agency at Clarksburg. This was the whole effort plaintiff made to comply with clause 9 of the policy, and is wholly insufficient. As to waiver, plaintiff and defendant's agents became involved in a dispute as to whether the company was legally bound to pay three fourths or the whole loss, and one of the agents offered plaintiff, as a compromise and adjustment of his loss, six hundred and fifty dollars. Plaintiff refused to accept this, and demanded eight hundred dollars. This controversy, ordinarily, would establish a waiver if there was nothing to the contrary in the case, as the only difference between them would appear to be the amount for which the company was liable. But, at the time this offer was made and refused, the agent informed the plaintiff that the company would require full compliance with the policy. Not only this, but it is fully established by the evidence that another agent of the company marked the very clause in question for the plaintiff, and notified him that the company would require full compliance therewith, and that he must make up his proofs, and forward them to the central agency, the address of which was furnished, and the company would settle according to the terms of the policy. This the plaintiff neglected to do, apparently through want of proper legal advice. The verdict of the jury is clearly sustained by a preponderance of

evidence, and this Court would not disturb it unless it was plainly otherwise. As to the credibility of witnesses, the verdict, being fair, impartial, and free from undue influence, is conclusive. *Johnson* v. *Burns*, 39 W. Va. 658 (20 S. E. 686) *Akers* v. *De Witt*, 41 W. Va. 229 (23 S. E. 669). The judgment is therefore affirmed.