# COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON, ENGLAND, v. SHULTS.

No. 2330.    Opinion Filed February 18, 1913.

(130 Pac. 572.)

**INSURANCE—Actions—Proofs of Loss—Necessity.** Where a fire insurance policy contains the provision that in case of loss by fire, the insured shall give notice of such loss and shall within 60 days make verified proof of loss in writing, and where the policy makes a compliance with such provision a condition precedent to an action, **held,** the right of action does not mature until such provision has been complied with or waived; and, where under all the proof it appears that such provision has neither been complied with nor waived, the insured cannot recover.

(Syllabus by Harrison, C.)

*Error from District Court, McCurtain County;*
*James R. Armstrong, Judge.*

Action by G. W. Shults against the Commercial Union Assurance Company, Limited, of London, England.  Judgment for plaintiff, and defendant brings error.  Reversed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

Opinion by HARRISON, C. This action was upon a fire insurance policy for $1,090. The policy covered a small store building, together with the stock of merchandise and fixtures which were destroyed by fire in January, 1909. The cause was tried in September, 1910, resulting in a verdict in favor of plaintiff for the sum of $1,040. Plaintiff thereupon filed a *remittitur* of $90, which was allowed by the court and judgment rendered for $950. From this judgment the insurance company appealed.

A number of errors are assigned by plaintiff in error as grounds for reversal, among which are: That the plaintiff was not the sole and unconditional owner of the property in question, and that he failed to comply with the "iron-safe" and "inventory" clauses in the policy. But at the very threshold of the case the question arises, which, under the decisions of this court as well as under the great weight of authority, disposes of the case without the necessity of going into the other errors assigned, viz., that the plaintiff failed to make proof of loss as provided in the policy. The policy sued upon contains this provision:

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, making a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon; and within 60 days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the assured as to the time and origin of the fire; the interest of the insured and all others in the property, the cash value of each item thereof, and the amount of loss thereon.   *   *   *"

It is contended by plaintiff in error that this provision of the policy was not complied with; that no proof of loss was furnished. From an examination of the record we find that this contention is sustained. The record discloses that no proof of

loss was made or attempted to be made. The record shows that one Temple was the agent who issued the policy; that Temple was also the proprietor of a hotel; that on the night of the fire the insured stayed at Temple's hotel; that early on the following morning the insured's son brought in the word that the building and stock had burned on the night before (the store in question being some miles out in the country); that the insured told the agent Temple that his store had burned; that thereafter the insured brought in a book which he claimed to contain an inventory of his stock of goods. The agent told him to deposit the book in the bank, which he did. The agent informed the company of the fire, and the company sent an adjuster to investigate; but the insured did not see the adjuster nor file any statement of loss with him. After the adjuster had gone, the insured saw Temple and asked him why the adjuster had not come and was informed that the adjuster had said nothing was due him. Plaintiff's own language is as follows:

"Q. To whom did you make the demand? A. Well, I don't remember. I notified Temple of my burn and asked him then what would I do next to get the money. He says, 'The adjuster will be here pretty soon and I will notify him.' He come; I heard he come, and went back and asked Temple why he didn't come, and he said, 'He don't owe you anything,' and that's all I could get out of Temple."

This is all, in substance, that was done toward making proof of loss.

In *Nance v. Oklahoma Fire Ins. Co.*, reported in 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426, decided by this court January 9, 1912, and since the filing of this case, in an action involving the identical question, the court, in an opinion by Hayes, J., held:

"The evidence without conflict establishes that no proof of loss as required by the policy has ever been furnished by plaintiff to the company either within the 60 days after the fire or before the trial of this cause in the court below. The policy contains other requirements, failure to comply with which by the in-

sured it is provided shall forfeit the policy; but the policy contains no stipulation of forfeiture for failure to furnish the proof of loss within the 60 days prescribed by the policy. The effect of provisions in insurance policies similar to the one here involved is declared in Joyce on Insurance, sec. 3282, to be: 'If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true, even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof.' The rule of this text is supported by many well-reasoned cases. *Northern Assurance Co. v. Hanna,* 60 Neb. 29, 82 N. W. 97; *Kenton Insurance Co. v. Downs & Co.,* 90 Ky. 236, 13 S. W. 882, 12 Ky. Law Rep. 115; *Steel v. German Ins. Co.,* 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85; *Rheimes v. Standard Fire Ins. Co.,* 39 W. Va. 672, 20 S. E. 670; *Gerringer v. North Carolina Home Ins. Co.,* 133 N. C. 407, 45 S. E. 773; *Hartford Fire Ins. Co. v. Redding et al.,* 47 Fla. 228, 37 South. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118; *Southern Fire Ins. Co. v. Knight et al.,* 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; *Vangindertaelen v. Phoenix Ins. Co.,* 82 Wis. 112, 51 N. W. 1122, 33 Am. Rep. 29; *Kahnweller et al. v. Phoenix Ins. Co.* (C. C.) 57 Fed. 562. Plaintiff's failure to render proof of loss within the 60 days provided by the policy did not operate to forfeit his policy; but his right of action did not mature thereunder until such condition was compiled with; and, since under all the proof in this case that requirement had never been complied with, he cannot recover in this action."

To the same effect are the following cases: *Gauche et al. v. London & Lancashire Ins. Co.* (C. C.) 10 Fed. 347; *Home Ins. Co. N. Y. v. Duke,* 43 Ind. 418; *Indiana Ins. Co. v. Capehart,* 108 Ind. 270, 8 N. E. 285; *Mitchell v. Home Ins. Co.,* 32 Iowa, 421; *Flanaghan v. Phoenix Ins.,* 42 W. Va. 426, 26 S. E. 513; *McCormick v. N. British Ins. Co.,* 78 Cal. 468, 21 Pac. 14;

*Western Home Ins. Co. v. Thorp,* 48 Kan. 239, 28 Pac. 991; *State Ins. Co. v. Belford,* 2 Kan. App. 280, 42 Pac. 409; *Shawmut Sugar Refining Co. v. People's Mut. Fire Ins. Co.,* 12 Gray (Mass.) 535; *Boruszweski v. Middlesex Mut. Assur. Co.,* 186 Mass. 589, 72 N. E. 250; *Donahue v. Windsor County Mut. Fire Ins. Co.,* 56 Vt. 374; *Dixon v. State Mut. Ins. Co.,* 34 Okla. 624, 126 Pac. 794.

The record in the case at bar brings the question clearly within the rule of the foregoing line of authorities, and especially within the rule in *Nance v. Oklahoma Fire Ins. Co., supra,* where the identical question was settled and has become the law of this state.

The question of waiver of the conditions of the policy was neither raised in the pleadings nor developed in evidence. The plaintiff specifically alleged that he had complied with all the conditions precedent. The burden, therefore, was upon him to prove these allegations in order to recover, and, failing to prove a compliance with such provision, the question of his rights in the premises is decided in the Nance case, *supra,* which is followed herein.

It follows therefore that the judgment of the court below must be reversed.

By the Court: It is so ordered.