**EDEN CORPORATION, Plaintiff,**

v.

**UTICA MUTUAL INSURANCE COMPANY et al., Defendants and Third Party Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY and Old Dominion Electric, Inc., Third Party Defendants.**

**Civ. A. No. 71–C–61–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 27, 1972.

---

B. K. Cruey, Bates, Cruey & Lee, Roanoke, Va., and Thomas Keister Greer, Rocky Mount, Va., for plaintiff.

Jack B. Coulter, Dodson, Pence, Coulter, Viar & Young, Roanoke, Va., for Utica Mutual Ins. Co.

William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for Northwestern Mutual Ins. Co.

Carroll D. Rea, Hazlegrove, Carr, Dickinson, Smith & Rea, Roanoke, Va., for General Electric Co.

Richard C. Rakes, Gentry, Locke, Rakes & Moore, Roanoke, Va., and Harvey E. White, Jr., White, Reynolds, Smith & Winters, Norfolk, Va., for Old Dominion Electric, Inc.

## OPINION and JUDGMENT

DALTON, District Judge.

This action involves a claim for damages on a fire loss suffered by plaintiff on April 28, 1970, and was originally filed in the Circuit Court of Roanoke County on April 26, 1971. The motion for judgment sought damages of $206,294.50.

The defendants in the action were Utica Mutual, Northwestern Mutual, Merrimack Mutual, Grain Dealers Mutual and Holyoke Mutual Insurance Companies.

On May 18, 1971, defendants petitioned for removal to this court and said petition was granted under 28 U.S.C.A. § 1441, as the requisite diversity of citizenship exists and the amount in controversy exceeds $10,000, pursuant to the jurisdictional requirements of 28 U.S.C. A. § 1332. Also filed by defendants on May 18, 1971, was a motion to dismiss, which is the concern of this court at this stage of the proceedings. Defendants were given leave to file a third-party complaint against General Electric Com-

pany (GE) and Old Dominion Services in an order dated October 12, 1971, pursuant to Rule 14 of the Fed. Rules of Civ. Procedure. Subsequent interrogatories and answers were filed by the parties and on August 28, 1972 plaintiff was granted leave by the court to file an amended complaint, joining third-party defendant General Electric Company as a defendant, pursuant to the provisions of Rules 14 and 15 of the Fed. Rules of Civil Procedure.

The facts of the case, as best can be determined by the court at this stage, are as follows:

Plaintiff was the owner of the Feedbox Restaurant, located in Roanoke County, Virginia, when a fire occurred on April 28, 1970, at approximately 4:00 a.m., which resulted in extensive damage to the structure and its contents. The alleged cause of the fire was the malfunction, during the early morning hours of April 28, of one or both of two Hotpoint electric fry kettles located in the restaurant, thereby causing a fire in the immediate area which spread throughout the remainder of the restaurant before it was detected and extinguished. The two fry kettles, bearing serial Nos. C–03551–4 and C–06906–9, were purchased by plaintiff from William P. Swartz and Company, Inc. in April 1961 and were used in plaintiff's restaurant business until the fire occurred. They were manufactured by the defendant General Electric Company, Hotpoint, Inc. having merged with GE in June 1952.

On or about April 24, 1970 Old Dominion Electric, Inc., t/a Old Dominion Services, with general offices in Norfolk, Virginia and branch offices in Roanoke, undertook to check the operation of the said kettles and replaced the thermostat in one of them. A bill for $49.72 for labor and materials was sent to the Feedbox Restaurant, which was paid on May 27, 1970, after the fire occurred.

Plaintiff alleges that the five defendant insurance companies had issued and delivered to the plaintiff policies of fire insurance covering the building and its contents, which policies were in full force and effect at the time of the fire.

The policies of fire insurance issued by the defendants were as follows:

a. Utica . . . Policy No. 33476 FMP, 25% of total of limits of liability

b. Northwestern . . . Policy No. MPOO–0211, 10% of total of limits of liability

c. Merrimack . . . Policy No. 1X34–63–16, 15% of total of limits of liability

d. Grain Dealers . . . Policy No. SMP 15 667, 25% of total of limits of liability

e. Holyoke . . . Policy No. SMP 45–302041, 25% of total of limits of liability.

Plaintiff contends that it complied with the terms and conditions of said insurance policies and that defendants expressly waived the filing of any proof of loss by plaintiff. Plaintiff also alleges that there has been no appraisal to determine the amount of plaintiff's loss and that the provision for such appraisal in section 38.1–366 of the Code of Virginia [1] was for the benefit of defend-

---

1. The applicable provisions in § 38.1–366 of the Code of Virginia were also included in each of the said policies and are as follows:

Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing,

ants and since the defendants have at no time demanded such appraisal, their right to the same has been waived. Plaintiff also contends that defendants' conduct in leading plaintiff to believe that the defendants desired to negotiate a settlement until shortly before the statute of limitations was to expire, has estopped the defendants from claiming that any appraisal was required.

Plaintiff further alleges that if the court holds that appraisals were required under Section 38.1–366 of the Code of Virginia, this deprives plaintiff of a jury to determine damages and denies it the equal protection of the laws guaranteed under the Fourteenth Amendment. It denies a jury trial guaranteed by the Seventh Amendment and Article I, Section 11 of the Constitution of Virginia.

Plaintiff alleges that under the policies, defendants agreed to pay the replacement costs of the insured property, which amounted to $206,294.50, and that the defendants have refused to pay plaintiff the money.

Defendants' motion to dismiss, filed on May 18, 1971 and restated on September 14, 1972, asks for dismissal because plaintiff has not complied with the conditions precedent for institution of this action which are outlined in the policies. The conditions, included in both § 38.1–366 of the Code of Virginia and the insurance policies cited in Footnote 1, are: (1) plaintiff's alleged loss has not been determined or subjected to the "appraisal" provision of the insurance policies; (2) plaintiff first submitted his proof of loss to defendants on April 9, 1971, seventeen days prior to the institution of this action, which loss was not

payable by defendants until 60 days after receipt of proof of loss; and (3) plaintiff has failed to comply with the policy provisions which state that no suit or action on the policy shall be brought until all the conditions and requirements of the policy have been complied with. Plaintiff allegedly has not submitted his loss to an appraisal as required by policy and has not allowed 60 days from the filing of a proof of loss before instituting suit.

The court will consider the following questions:

(1) Whether failure to submit the loss to an "appraisal" is grounds for dismissal?

(2) Whether instituting suit less than 60 days after filing proof of loss is grounds for dismissal?

(3) Whether the applicable Virginia statute of limitations effectively bars suit against the defendant, General Electric Corporation?

*Ruling On Motion To Dismiss*

The court will first consider whether failure to submit the loss to an appraisal is grounds for dismissal. Section 38.1–366 of the Code of Virginia provides that if the insured and insurer "fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand." Furthermore, the statute provides for an umpire to resolve disputes between the appraisers, and the itemized award of any two when filed with the insurer

so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

When loss payable. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of

the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.

Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

shall determine the amount of actual cash value and loss.

Previous cases have held that the award is a necessary element of the plaintiff's cause of action, if demanded at a time when the company has a right to demand it, and when it can be made. Hanover Fire Ins. Co. v. Drake, 170 Va. 257, 196 S.E. 664, 667 (1938); North British & Mercantile Ins. Co. v. Robinett & Green, 112 Va. 754, 72 S.E. 668 (1911).

However, the filing of an award may be waived by an insurance company. As said in Couch Cyclopedia of Insurance Law, vol. 7, pp. 5641, 5642, § 1613, cited by the court in Hanover Fire Ins. Co. v. Drake, supra, 196 S.E. at 667:

> A clause in an insurance policy, providing for an arbitration or appraisement of loss or damage as a condition precedent to suit by the policy-holder to recover insurance, is inserted wholly for the protection of the insurer, and, consequently, may, as a general rule, be waived by it. * * * Nor need such waivers be expressed in terms; they may be implied from the acts, omissions, or conduct of the insurer or its authorized agents. * * *

See, also 14 R.C.L. p. 1357, § 528; 47 L.R.A.,N.S., p. 425, note, citing numerous cases.

Also, in an annotation in 94 A.L.R. 499, 506, the author states that "it is well settled that the failure of arbitration through the fault of the insurer, or its arbitrator or appraiser, abrogates the provision for arbitration, and the insured, if free from fault in the matter, is absolved from compliance with such provision, and may bring suit on the policy without an award." Hanover Fire Ins. Co. v. Drake, supra 196 S.E. at 667.

■■ Therefore, the court holds that if the failure to submit the loss to an appraisal was through some fault of the insurer, and the insured was free from fault, then the insured would be absolved from compliance with the appraisal provision of § 38.1-366. This is a matter for jury determination when all of the evidence is presented. The court cannot presently determine whether defendants waived the appraisal clause by the conduct and acts of its authorized agents. Therefore, until all the evidence is taken, the court must deny the motion to dismiss on the ground that plaintiff failed to submit the matter to an appraisal, as required by § 38.1-366.

■ Plaintiff contends that the "appraisal" provision of § 38.1-366 may be unconstitutional because it deprives plaintiff of the intervention of a jury to determine its damages. However this court does not read the statute to say that. The "appraisal" provision merely provides for a fair method of determining the amount of loss, and failing that, the insured may bring suit on the policy for recovery of the amount he feels he deserves. He may request a jury trial, as in the present case, thereby fulfilling the constitutional requirement as guaranteed by the Seventh Amendment and Article I, Section 11 of the Constitution of Virginia. This court does not find the "appraisal" provisions of § 38.1-366 to be unconstitutional.

The court will now consider whether instituting suit less than 60 days after filing proof of loss is grounds for dismissal.

Section 38.1-366 requires that the insured give immediate notice to the insurer of any loss, and within sixty days after loss, unless extended in writing by the insurer, submit a proof of loss. If the parties fail to agree on the amount of the loss, appraisers shall make an award; and the amount of the loss for which the insurer is liable shall be payable sixty days after proof of loss is received and ascertainment of the loss is made either by agreement of the parties or the filing of an award. The limitation on bringing suit is as follows:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and

unless commenced within twelve months after inception of the loss.

The present suit was initiated within twelve months after inception of the loss, but only 17 days after filing of proof of loss. The statute provides for a sixty day delay after filing proof of loss before suit is initiated. Both parties cite Southern Home Ins. Co. of the Carolinas v. Bowers, 157 Va. 686, 161 S. E. 914 (1932) in their arguments. An accurate summary of the holding in that case is found in Ramsey v. Home Insurance Company, 203 Va. 502, 125 S.E.2d 201 (1962) at 204:

In Southern Home Ins. Co. of the Carolinas v. Bowers, 157 Va. 686, 161 S. E. 914, it was held, in accord with a former decision, that a policy requirement that the insured should file a proof of loss within sixty days after the fire should be construed to require that it shall, unless waived, be filed before suit is brought. The court said that is what it understood the holding of a majority of the courts to be, 'with this proviso, however: If the policy provides that the company cannot be required to settle until sixty days after proof of loss filed, and that no suit shall be brought unless brought in one year, then, unless the company has waived filing of proof of loss, a failure to file proof of loss until within sixty days of the expiration of the one year period will bar an action on the policy.'

In this case, plaintiff waited until within sixty days of the expiration of the one year period to file his proof of loss. Such conduct will bar an action on the policy unless the company has waived filing of proof of loss. Whether or not there was a valid waiver, the court does not have sufficient evidence at present to determine. Cases have held that the provisions on a policy of fire insurance pertaining to the requirement of preliminary proof of loss are for the benefit of the insurer and may be waived by it or by its duly authorized agent. Maynard v. National Fire Ins.

Co. of Hartford, 147 W.Va. 539, 129 S. E.2d 443 (1963).

■ It has also been held that everything said or done by the insurer or his proper agents upon which the insured may reasonably rely, which might fairly induce him to conclude that such proof of loss has in his case been dispensed with or excused, and he is thereby influenced to act in good faith in accordance with such conduct, may amount to a waiver of such formal stipulation. Peninsular Land Co. v. Franklin Ins. Co., 35 W.Va. 666, 14 S.E. 237 (1891); Seaboard Fire & Marine Ins. Co. v. Hurst, 186 Va. 21, 41 S.E. 495 (1947).

Courts have held that denial of all liability for a loss claimed under such policy operates as a waiver of the policy requirement of proof of loss. Maynard v. National Fire Ins. Co. of Hartford, supra, 129 S.E.2d at 448; Rucker v. Fire Assn. of Philadelphia, 120 W.Va. 63, 196 S.E. 494 (1938); Wade v. Mutual Benefit Health & Accident Ass'n, 115 W.Va. 694, 177 S.E. 611 (1934); Hetzel v. Pacific Mutual Life Ins. Co., 108 W.Va. 22, 150 S.E. 385 (1929); Houseman v. Home Ins. Co., 78 W.Va. 203, 88 S.E. 1048 (1916).

Furthermore, a recognition of liability by the insurance company or its duly authorized agent may operate as a waiver of the policy provisions relative to proof of loss. Maynard v. National Fire Ins. Co. of Hartford, supra, 129 S.E.2d at 449, Lusk v. American Central Ins. Co., 80 W.Va. 39, 91 S.E. 1078 (1917); 29A Am.Jur. Insurance, Section 1430, page 539.

When a fire insurance company calls for and accepts from an insured, without objection, an unsworn statement of a loss, and so conducts itself with the insured when investigating the loss as to induce his reasonable belief that it is satisfied with the statement and does not desire formal proof of the loss, such formality will be treated as waived. Fitzsimmons v. Alliance Fire Ins. Co. of Philadelphia, 115 W. Va. 303, syl., 175 S.E. 62 (1934).

Also, negotiations with the insured by an authorized agent of the insurer for settlement of the loss may constitute a waiver of proof of loss. Maynard v. National Fire Ins. Co. of Hartford, supra, 129 S.E.2d at 449; Crouch v. Franklin National Ins. Co., 104 W.Va. 605, 140 S.E. 681; Niagara Fire Ins. Co. of New York v. Raleigh Hdw. Co., 62 F.2d 705 (4th Cir. 1933).

In the present case, there seems to have been a long course of negotiations between the parties, which may constitute a waiver of the proof of loss provision of § 38.1–366. The court does not have sufficient facts to make such a determination at this time.

It should be pointed out, however, that "the burden of proving compliance with the necessary requirements of an insurance policy as to proofs of loss, or the waiver of such compliance on the part of the company, is on the insured; and, if he fails to establish the same by a preponderance of evidence, his action must fail." Maynard v. National Fire Ins. Co. of Hartford, supra, 129 S.E.2d at 448; Flanaghan v. Phenix Insurance Co., 42 W.Va. 426, 26 S.E. 513 (1896); Chambers v. Great State Council, 76 W.Va. 614, 86 S.E. 467 (1915); Morgan v. Ins. Co. of North America, 146 W.Va. 868, 122 S.E.2d 838 (1961).

 Since the evidence is not fully developed, and the court has no way of knowing whether or not there was a valid waiver, the motion to dismiss on this ground must be denied, although the burden of proof is on the plaintiff to establish waiver by a preponderance of the evidence.

## STATUTE OF LIMITATIONS

The court will now consider whether the applicable Virginia statute of limitations effectively bars suit against the defendant, General Electric Corporation.

The two Hotpoint electric fry kettles were installed in the Feedbox Restaurant in April 1961. The alleged malfunction of one or both of them occurred on April 28, 1970, nine years after installation. Suit was initiated on April 26, 1971 and GE was not involved until a third party complaint was filed against it on October 12, 1971. Then plaintiff, in its amended complaint of August 28, 1972, joined GE as a defendant. Plaintiff and defendants as third-party plaintiffs seek to make a case against General Electric on the theories of breach of express and implied warranties and negligence. Cases have held that the purchaser's cause of action against the dealer and manufacturer for property damage, based on theories of breach of warranty, express or implied, arises at the time of purchase of the product. Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969), Richmond Redevelopment & Housing Authority v. Laburnum Constr. Corp., 195 Va. 827, 80 S.E.2d 574 (1954). The court is inclined to the view that the plaintiff's right to recover for property damage accrued at the time of the alleged breach of warranty, that is, when the product was purchased.

However, by reason of the divergent views of counsel and some apparent differences in court decisions on the question, this court will delay ruling on this issue at this stage of the proceedings.

It is uncontroverted that the applicable Virginia statute of limitations will apply, this being a matter of state substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); cf. Sides v. Richard Machine Works, Inc., 406 F.2d 445 (4th Cir. 1969).

The appropriate statute governing this action is § 8–24 of the Code of Virginia.[2] The statute provides that ev-

2. Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every, personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party dies it can be brought by or against his rep-

ery action for personal injuries shall be brought within two years. Every personal action for which no limitation is otherwise prescribed shall be brought within five years if the action is survivable. If the action is not survivable, it shall be brought within one year. As to what personal actions are survivable, 8–628.1 of the Virginia Code provides in part:

No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided said person's subsequent death was not occasioned by the acts giving rise to such cause of action. No such action for personal injuries, except an action brought by a person under disability at the time of the injury may be brought more than two years after the injuries occurred. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable.

A recent case of this court, Almond v. Kent, 321 F.Supp. 1225, 1229 (W.D.Va. 1970) held that damages to one's property, estate or business are survivable and receive the benefit of the five year period, under §§ 8–24 and 8–628.1.

The motions to dismiss plaintiff's action, filed by the defendants, are denied for the reasons previously stated, and the court now directs that all depositions, discovery or otherwise, and all stipulations, be taken and filed by the plaintiff and defendants relating to the factual matters in dispute, by December 1, 1972, and that trial briefs be submitted by December 10, 1972.

resentative; and, if it be for a matter not of such nature, shall be brought with-

in one year next after the right to bring the same shall have accrued.