**Paul HALL and Linda Hall, Plaintiffs,**

**v.**

**Dr. FREITAS and Mrs. Freitas, Defendants.**

**No. 72591.**

United States District Court, N. D. California.

May 5, 1972.

Jonathan M. Rutledge, San Francisco, Cal., for plaintiffs.

William H. Hoogs, Berkeley, Cal., for defendants.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is a civil rights suit brought in this court upon a complaint alleging that defendants, owners of certain Oakland premises, refused to rent an apartment unit in the premises to plaintiffs solely because plaintiffs are Negroes in violation of the Civil Rights Act of 1866, Title 42 U.S.C. Section 1982, which provides that all citizens of the United States shall have the same rights in every state and territory as are enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property.

The Supreme Court of the United States has held in Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) that Section 1982 bars all racial discrimination, private as well as public, in the sale or rental of property and, further, that the section has independent and concurrent existence with the Fair Housing Act of 1968, 42 U.S.C. Section 3601 et seq.

Upon hearing an application for preliminary injunction enjoining defendants

from refusing to rent the unit in question to plaintiffs, the court, finding that issues have been joined by answer of the defendants and acting pursuant to Rule 65(a) (2) Fed.R.Civ.P., ordered the trial on the merits to be advanced and consolidated with the preliminary injunction application.

Neither side having demanded a jury trial, trial was held before the court on May 4, 1972. The main factual issue presented by the evidence is whether defendants refused to rent the unit to plaintiffs because plaintiff, Paul Hall, had misrepresented to defendant, Dr. Freitas, the length of time said plaintiff had been employed at TV Station KTVU, Channel 2, Oakland, as contended by defendants, or because of plaintiffs' race, as contended by plaintiffs.

There are conflicts between the testimony of plaintiff, Paul Hall and the testimony of defendant, Dr. Freitas and, additionally, conflicting inferences may be reasonably drawn from both direct and circumstantial evidence as to which there is no substantial conflict.

So far as the law applicable to an issue of this kind is concerned, the court has considered such well considered cases as Bush v. Kaim, 297 F.Supp. 151 (N.D.Ohio, 1969) and Smith v. Sol D. Adler Realty Co., 436 F.2d 344 (7th Cir. 1970).

Without attempting to review the evidence at length and in detail, the court, after careful consideration of the record before it, makes its findings and conclusions as follows:

(1) That defendants publicly offered for rent Apartment 3 of the premises here involved for $150 per month, first and last month's rent to be prepaid—$50 cleanup deposit, no children or dogs.

(2) That plaintiffs herein on March 25, 1972 were ready and willing to and offered to rent said premises upon said terms and personally communicated their offer to defendants while said apartment was still unrented and still available for rental upon said terms.

(3) That said defendants on March 25, 1972, indicated to said plaintiffs that they could rent said apartment and said plaintiffs thereupon partially occupied said apartment and have been since March 31, 1972, in the occupancy thereof under an order of court issued herein on said date and regularly continued in effect.

(4) That on March 29, 1972, while said apartment was still unrented and available for rental on said terms, defendant notified plaintiffs that they would be refused the rental thereof, purportedly for the reason that plaintiffs, according to defendants, had misrepresented to defendants that plaintiff, Paul Hall, had been in the employ of Station KTVU for six months whereas, according to defendant, he had been in said employment only about six weeks, i. e., since February 14, 1972.

(5) That in truth and in fact said reason was not the reason for refusing the rental to plaintiffs; that the true and sole reason for refusal to rent to plaintiffs was that said plaintiffs had been discovered by defendants to be of the Negro race.

(6) That at no time prior to said refusal did defendants inquire into the financial ability of plaintiffs to meet the terms of said rental through at least three sources of income indicated by plaintiffs to defendants; nor did defendants prior to said refusal inquire into the suitability otherwise of said plaintiffs as tenants—except only to ascertain from said Station KTVU the alleged discrepancy between plaintiff's representation of the length of his employment with said station; nor did defendants prior to said refusal or at the time thereof or since said refusal assert any other reason, touching upon the suitability of plaintiffs as tenants, for refusal of said tenancy.

(7) That said defendants remained steadfast in their refusal for said asserted reason to rent to plaintiffs notwithstanding plaintiffs' offer to make

their tenancy conditional upon their prepayment of either six months' or one year's rent and their performance of garden work for the defendants.

(8) That defendants' attempt to verify plaintiff's employment at KTVU and his expressed concern with the duration of plaintiff's tenure there was a departure from the informal, rather casual manner in which defendants had previously accepted non-Negro tenants, most of whom had simply been accepted on the reference of other tenants.

(9) That, although a landlord has the right to refuse to rent to a person believed by the landlord to be unreliable for having made a misrepresentation of the kind claimed by defendants herein, the reasonable inference from both direct and circumstantial evidence in this case preponderates to the effect that in this case the alleged misrepresentation was an afterthought, purported reason for refusal of tenancy to plaintiffs and that the real and sole reason was plaintiffs' race.

The court concludes that defendants herein have deprived plaintiffs, persons of the Negro race, of their entitlement to the same rights as are enjoyed by white citizens to lease and hold real property and that plaintiffs are entitled to such legal and equitable relief herein against defendants as will reasonably compensate for said deprival.

Since the court has not yet heard evidence upon the issue of claimed monetary damages to plaintiffs, the court reserves judgment upon said issue until further trial upon application of either party.

Upon the evidence already before the court, the court concludes that plaintiffs are entitled to equitable relief to the effect that defendants be enjoined from refusing to rent said premises to plaintiffs upon the terms above mentioned and from interfering with plaintiffs' present occupancy thereof under said terms from month to month until defendants exercise their right to change the terms of said tenancy or to terminate said tenancy for reasons other than the race of plaintiffs.

This memorandum constitutes the findings and conclusions of the court upon all issues except the issue of claimed monetary damage but either party may within 15 days from notice hereof lodge with the court such further findings and conclusions, not basically inconsistent herewith, as may be deemed necessary or advisable together with a form of judgment designed to fairly carry out the equitable relief herein indicated.

Counsel for the respected parties are requested to confer among themselves upon these subjects in an effort to agree (without prejudice) to the form of any such findings, conclusions or judgment.