The Honorable Claud V. Cash State Senator 1301 Thrush Jonesboro, AR 72401
Dear Senator Cash:
I am writing in response to your request for my opinion on the following questions:
 1. Which fair housing law should be obeyed in Arkansas: Title VIII of the Civil Rights Act of 1968 as amended in 1988; Arkansas Act 1327 of 1995; or Arkansas Act 1785 of 2001?
 2. If a violation is claimed by any person, to whom would they complain?
 3. Do any of these change the intent of the original Civil Rights Act of 1866?
RESPONSE
With respect to your first question, I believe all three enactments should be and can be obeyed, since no disharmony exists among them. With respect to your second question, 42 U.S.C. § 3601 et seq. set forth the procedures for asserting a federal claim either in state or federal court or administratively before the Secretary of the Department of Housing and Urban Development. With respect to state-law causes of action, A.C.A. §§16-123-210, -317 and — 336 set forth the procedures for pursuing relief either in circuit court or before the Arkansas Fair Housing Commission. Finally, I believe the answer to your last question is "no."
Question 1: Which fair housing law should be obeyed in Arkansas: TitleVIII of the Civil Rights Act of 1968 as amended in 1988; Arkansas Act1327 of 1995; or Arkansas Act 1785 of 2001?
Implicit in your question is what I consider an unwarranted assumption that the three recited enactments conflict. The Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq., which comprises Title VIII of the Civil Rights Act of 1968, implements Congress' purpose, "within constitutional limitations, to provide fair housing throughout the country."42 U.S.C. § 3601. In exercise of the supremacy clause, U.S. Const. art.VI, cl. 2, Congress has provided that the provisions of the Fair Housing Act shall preempt "any law of a State, a political subdivision, or other such jurisdiction that purports to require or permit any action that would be a discriminatory housing practice under this subchapter." 42 U.S.C. § 3615. At issue, then, is whether any provisions of the Arkansas enactments conflict with federal law or with each other. In my opinion, they do not.
Act 1327 of 1995, known as the Arkansas Fair Housing Act, is codified at A.C.A. §§ 16-123-201 through — 210 (Supp. 2001). Subsection 16-123-203 of the Code provides:
 (a) The opportunity to obtain housing and other real estate without discrimination because of religion, race, color, national origin, sex, disability, or familial status as prohibited by this chapter, is recognized and declared to be a civil right.
 (b) Provided, the provisions of § 16-123-301 et seq. shall become effective after the statutes and regulations required by this subchapter are adopted as substantially equivalent to federal fair housing laws, as recognized by the appropriate federal agency designated to enforce the provisions of federal fair housing laws.
Subsection (b) of this statute was enacted pursuant to Act 1785 of 2001, which effected the establishment of the Arkansas Fair Housing Commission and is currently codified in its remainder at A.C.A. §§ 16-123-301 through — 348 (Supp. 2001). As reflected in the above-recited A.C.A. §16-123-303(b), the legislature clearly intended both the Arkansas Fair Housing Act and the legislation creating the Arkansas Fair Housing Commission to track federal fair housing laws. This intention is further reflected in A.C.A. § 16-123-304(a), which provides:
 The Arkansas Fair Housing Commission shall adopt rules necessary to implement this subchapter substantially equivalent to those provided in federal fair housing laws and regulations.
Section 16-123-309 further provides: "This subchapter does not affect a requirement of nondiscrimination in any other act, state law, or federal law." Although I am unable here to conduct an elaborate comparison of the substantive provisions of these various enactments, I will opine that they were clearly designed to and in fact do complement each other.
Question 2: If a violation is claimed by any person, to whom would theycomplain?
Section 3610 of title 42 of the United States Code authorizes an "aggrieved person" to file a complaint with the Secretary of Housing and Urban Development ("HUD") for administrative or judicial resolution as set forth in the statute. However, 42 U.S.C. § 3610(f) provides that if a complaint alleges discriminatory housing practices within the jurisdiction of a HUD-certified state or local public agency, the Secretary will refer the complaint to the certified agency for further action. Alternatively, 42 U.S.C. § 3613 authorizes an aggrieved person to initiate a civil action either in federal district or state circuit court.
With respect to allegations arising under the Arkansas Fair Housing Act, A.C.A. § A.C.A. § 16-123-210 provides that an individual alleging a housing law violation may bring an action for damages and/or injunctive relief in circuit court. Section 16-123-336 likewise authorizes the filing of an action in circuit court for any alleged subchapter 3 violation. Alternatively, A.C.A. § 16-123-317 authorizes an "aggrieved person" to file a complaint with the Director of the Arkansas Fair Housing Commission, subject to possible conciliation, administrative resolution or disposition in circuit court as further specified in the Code.
Question 3: Do any of these change the intent of the original CivilRights Act of 1866?
No.
Title 42 U.S.C. § 1981, originally enacted as part of § 1 of the Civil Rights Act of 1866, provides:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
In Williams v. Matthews Company, 499 F.2d 819, 825-26 (8th Cir. 1974), the Eighth Circuit Court of Appeals summarized as follows the relationship between this legislation and the fair housing title of the Civil Rights Act of 1968:
 Like the 1866 Civil Rights Act, the Fair Housing Title is an exercise of congressional power under the thirteenth amendment to eliminate the badges and incidents of slavery. United States v. Hunter, 459 F.2d 205, 214 (4th Cir. 1972). As the Supreme Court commented in Jones v. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189
(1968), construing 42 U.S.C. § 1982:
 [W]hen racial discrimination herds men into ghettos and makes their ability to buy property turn on the color of their skin, then it too is a relic of slavery. [392 U.S. at 442-443.]
 Thus, the Fair Housing Title of the Civil Rights Act of 1968 and the 1866 Civil Rights Act together comprehensively spell out the right of an individual to rent or purchase housing without suffering discrimination and to obtain federal enforcement of that fundamental guarantee. 392 U.S. at 413-417.
 Recent cases make clear that the statutes prohibit all forms of discrimination, sophisticated as well as simple-minded, and thus disparity of treatment between whites and blacks, burdensome application procedures, and tactics of delay, hindrance, and special treatment must receive short shrift from the courts. See United States v. Pelzer Realty Company, Inc., 484 F.2d 438 (5th Cir. 1973); United States v. Youritan Construction Company, 350 F. Supp. 643 (N.D.Cal., filed Feb. 8, 1973); Hall v. Freitas, 343 F. Supp. 1099 (N.D.Cal. 1972); Newbern v. Lake Lorelei, Inc., 308 F. Supp. 407 (S.D. Ohio 1968); Brown v. Lo Duca, 307 F. Supp. 102 (E.D.Wis. 1969).
Although the fair housing title of the Civil Rights Act of 1986 is far more detailed in its dictates regarding housing, as well as being broader in that it addresses discrimination against groups other than blacks, seegenerally discussion in Jones v. Mayer Co., 392 U.S. 409, 413-16 (1968), nothing in the later legislation can or should be read as qualifying either the intent or the continued effectiveness of the earlier legislation. I consider this conclusion inescapable in light of the following from Great American Fed. S. L. Assn. v. Novotny,442 U.S. 366, 378 n. 21 (1979):
 As the Court noted in Johnson v. Railway Express Agency, supra, and Jones v. Alfred H. Mayer Co., 392 U.S. 409, the Civil Rights Acts of 1866 and 1871 were explicitly discussed during the course of the legislative debates on both the Civil Rights Act of 1968 and the 1972 amendments to the 1964 Act, and the view was consistently expressed that the earlier statutes would not be implicitly repealed.
The same conclusion applies with respect to the state legislation at issue. As I indicated in my response to your first question, Act 1327 of 1995 and Act 1785 of 2001 are clearly designed to complement both each other and the fair housing title of the Civil Rights Act of 1968. To the extent that the latter legislation is harmonious with the Civil Rights Act of 1866, which it is, the referenced state legislation is as well. Moreover, even if some disharmony existed between the state legislation and the Civil Rights Act of 1866, I believe this disharmony would be resolved by preemption, see response to question 1, supra, leaving unaffected Congress' expression of intent and the effectiveness of its enactment in the 1866 legislation.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh